IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50889
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIE BOWSER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(A-95-CR-158-ALL)
_____
November 19, 1997

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Marie Ann Bowser appeals from her convictions for embezzling
and conspiring to embezzle funds in excess of $5,000 from a
federally funded state agency, the Texas Employment Commission
("TEC"), in violation of 18 U.S.C. §§ 371, 641, 666 and for
knowingly making a false oath or account in a bankruptcy proceeding
in violation of 18 U.S.C. § 152. She challenges her conviction
under 18 U.S.C. § 666 (Count 2) on duplicity grounds, and argues

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the conspiracy count must also fall by reason of the same error. She challenges her conviction under 18 U.S.C. § 152 (Count 4) for Gaudin error.[1] Bowser further claims the district court erroneously enhanced her sentence under the Guidelines. After a careful review of the record and the parties' briefs, we reverse Bowser's conviction under § 152, uphold her remaining challenged convictions, and affirm the sentence enhancement.

I

The acts charged in Count 2--violation of § 666--comprise a single scheme with the actual offense being the entire scheme and not each individual transaction. The consolidation here was proper and the indictment not duplicitous even though each bad act alone could constitute an offense. See United States v. Robin, 693 F.2d 376, 378 (5th Cir. 1982).

Furthermore, with respect to her lack of unanimity argument, the government did not have to prove any dissimilar facts to obtain a conviction under Count 2; Bowser admitted to cashing each check. The only disputed issue was whether she possessed a culpable mens rea when she did so. That was the only issue before the jury with respect to Count 2 and there is no possibility that the verdict was

---

[1]Bowser does not challenge on appeal her conviction of Count 3--violation of 18 U.S.C. § 641.

not unanimous.  Bowser's arguments with respect to Count 2 are meritless.[2]

II

Bowser also maintains that her conviction of Count 4--knowingly making a false oath in a bankruptcy proceeding in violation of 18 U.S.C. § 152--should be reversed.  She argues that the court committed <u>Gaudin</u> error when it refused to submit the issue of materiality to the jury and that her conviction of this offense must be reversed.  We agree.

The government did not object to the court's instruction regarding materiality.  In fact, the court utilized the instruction proffered by the government.  The record clearly demonstrates that the government never questioned the validity of materiality as an essential element of the offense.  As such, the government is bound by the law of the case and materiality is an element in this action.  <u>United States v. Taylor</u>, 933 F.2d 307, 309-10 (5th Cir. 1991).

The district court, over defense objection, ruled that the question of materiality was a question of law and instructed the jury that it need not consider whether "the false statements were

_____

[2]Our opinion upholding Bowser's conviction under Count 2 effectively moots her argument that the conspiracy count must fall.

3

material.  This is a question of law which the court has determined has been satisfied."

It is generally agreed that a defendant has a right guaranteed by the Fifth and Sixth Amendments to have a jury pass on all elements of a charge lodged against her.  United States v. Gaudin, 115 S.Ct. 2310, 2318, 2320 (1995).  A unanimous Supreme Court has held that this mandates a jury finding beyond a reasonable doubt as to the element of materiality.  Id. ("The trial judge's refusal to allow the jury to pass on the 'materiality' of Gaudin's false statements infringed that right.") (discussing 18 U.S.C. § 1001).  When this element is withheld from the jury, as in this case, this court has determined that harmless error review is inapplicable and the conviction is fatally flawed.  United States v. Pettigrew, 77 F.3d 1500, 1511 (5th Cir. 1996) (discussing 18 U.S.C. § 1006).  Because the trial court committed Gaudin error and Bowser timely objected to such error, Pettigrew mandates that we vacate Bowser's conviction under 18 U.S.C. § 152.

### III

Bowser further contends that the district court erred by imposing a 2-level upward adjustment for obstruction of justice.  While stated somewhat unartfully, the district court's finding of perjury is not clearly erroneous.  Bowser's arguments with respect

to this issue are unpersuasive and we affirm the district court's application of the enhancement provision.

                                    IV

In conclusion, Bowser's argument that Count 2 of the indictment was duplicitous and subjected her to a nonunanimous verdict is meritless.   However, we reverse Bowser's conviction under 18 U.S.C. § 152 because she properly preserved her objection to the court's <u>Gaudin</u> error and <u>Pettigrew</u> mandates that we not allow her conviction of that offense to stand.   Finally, the district court did not clearly err when it found that Bowser perjured herself, and we affirm the court's sentence enhancement under the Guidelines.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings not inconsistent with this opinion.

                    AFFIRMED in part; REVERSED in part; and REMANDED.